WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PRN Medical Services LLC, | No. CV-14-01047-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Michael  Neilson, et al., | |
| Defendants. | |

Pending before the Court is Defendant Wilmington Medical Supply, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 49.) For the following reasons, the Motion is denied.

## BACKGROUND

PRN Medical Services LLC ("PRN") brings suit against several of its former employees alleging unfair competition. PRN also brings an unjust enrichment claim against Defendant Wilmington Medical Supply, Inc. ("Wilmington"), the company for whom these former employees currently work.

Specific to the current Motion, PRN alleges that Defendant John Pearce, while still an employee of PRN, sent an email to a director at Wilmington containing personal health information of PRN customers. This personal information originated from and is archived at PRN's Phoenix headquarters. PRN also alleges that, immediately prior to their departure to work for Wilmington three of its former employees illegally downloaded confidential information of thousands of PRN's customers, including more than 1,500 of PRN's Arizona customers, from PRN's Arizona computer servers.

1  Wilmington has a sales representative in Arizona, who began employment with
2  Wilmington on February 24, 2014, approximately the same time as the five defendants
3  left their PRN employ to work for Wilmington.  Wilmington asserts that this Court has no
4  jurisdiction over PRN's claims against it.

5                                **DISCUSSION**

6  **I.      Legal Standard**

7          Because the Court is resolving this Motion without holding an evidentiary hearing,
8  PRN "need make only a prima facie showing of jurisdictional facts to withstand the
9  motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see Brainerd v.*
10 *Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989). The burden
11 under the prima facie case is minimal: plaintiffs "need only demonstrate facts that if true
12 would support jurisdiction over the defendant." *Ballard*, 65 F.3d at 1498. In addition,
13 "[c]onflicts between parties over statements contained in affidavits must be resolved in
14 the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th
15 Cir. 2004) (citing *A T & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.
16 1996)).

17         To establish the prima facie case for personal jurisdiction, the plaintiff has the
18 burden of showing that: (1) the forum state's long-arm statute confers jurisdiction over
19 the nonresident defendant; and (2) the exercise of jurisdiction comports with principles of
20 due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir.
21 1995). Arizona's long-arm statute confers jurisdiction to the maximum extent allowed by
22 the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Doe v.*
23 *American Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Due process requires a
24 nonresident defendant to have "certain minimum contacts with [the forum] such that the
25 maintenance of the suit does not offend traditional notions of fair play and substantial
26 justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation
27 omitted). There are two types of personal jurisdiction, general and specific. *Burger King*
28 *Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.5 (1985). PRN does not allege that the Court

possesses general personal jurisdiction over Wilmington; it claims only that specific personal jurisdiction exists.

### A.   Specific Personal Jurisdiction

Specific jurisdiction exists if (1) the defendant purposefully directed tortious activities at the forum or a resident thereof or performed some act by which he purposefully availed himself of the privileges of conducting activities in the forum, (2) the claims arise out of or result from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Brainerd*, 873 F.2d at 1259.

### 1.   Purposeful Direction

A court has specific jurisdiction over a defendant where the intended effects of the defendant's non-forum conduct were purposely directed at and caused harm in the forum state. *Calder v. Jones*, 465 U.S. 783, 788–90 (1984); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155–56 (9th Cir. 2006) (noting that purposeful direction analysis is appropriate when "all of [the defendant's] action identified by [the plaintiff] is action taking place outside the forum"); *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988) ("[T]he decisions of this court have interpreted the holdings of *Calder* and *Burger King* as modifying the purposeful availment rubric to allow 'the exercise of jurisdiction over a defendant whose only "contact" with the forum is the "purposeful direction" of a foreign act having effect in the forum state.'") (quoting *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986)).

Courts evaluate purposeful direction using the *Calder* "effects test." *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Under the "effects test," the defendant must allegedly have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). All three elements of the test must be satisfied. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 805 (9th Cir. 2004). "A finding of 'express aiming' . . .

1   does not mean 'that a foreign act with foreseeable effects in the forum states always gives

2   rise to specific jurisdiction.'" *Dole*, 303 F.3d at 1112 (quoting *Bancroft*, 223 F.3d at

3   1087).

4          The "intentional" requirement is not a high bar, requiring only "an intent to

5   perform an actual, physical act in the real world." *See Schwarzenegger*, 374 F.3d at 806.

6   The express aiming requirement is another way of saying that there must be "something

7   more" than the foreseeability of an effect in the forum state. *Brayton Purcell*, 606 F.3d at

8   1129. Under the causing harm requirement, the Ninth Circuit has made it clear that any

9   intentional conduct must be "targeted at a plaintiff whom the defendant knows to be a

10  resident of the forum state." *Bancroft*, 223 F.3d at 1087.

11         Here, PRN demonstrates facts sufficient to show purposeful direction. PRN

12  alleges that Wilmington conspired with several of PRN's former employees to

13  appropriate confidential information from PRN's servers located in Arizona. Similarly,

14  PRN alleges that one of Wilmington's directors accepted confidential information in an

15  email sent from one of PRN's former employees, which originated, and is archived, in

16  Arizona. These were intentional actions, expressly aimed at information housed in

17  Arizona, and targeted at PRN, an Arizona corporation. In a similar case, *Aerotech*

18  *Holdings, Inc. v. Alliance Aerospace Eng'g, LLC*, a non-resident company was found to

19  have purposefully directed its activities at Texas, the forum state,  by "using confidential

20  information that belong[ed] to a Texas company to target customers that are based in

21  Texas." 650 F. Supp.2d 594, 600–01 (N.D. Tex. 2009). Just as in *Aerotech*, in the present

22  case PRN alleges that Wilmington used confidential information gathered by former

23  employees of PRN to target PRN's customers' confidential information. *See also*

24  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (holding that acts

25  directed at limited partnership whose principal place of business in California constituted

26  purposeful direction at California). Because many of these customers were residents of

27  Arizona, and more importantly, because PRN alleges Wilmington knew its activities

28  would cause harm to PRN, an Arizona corporation, Wilmington purposefully directed its

- 4 -

1  activities at Arizona.

2      In sum, PRN sufficiently alleges Wilmington "(1) committed an intentional act,

3  (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is

4  likely to be suffered in the forum state." *Dole*, 303 F.3d at 1111. Thus, Wilmington

5  purposely directed its actions at Arizona.

6                      **2.    "Arising out of" Requirement**

7      The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's

8  cause of action arises out of a defendant's forum-related activities. *See Omeluk*, 52 F.3d

9  at 271. The "arising out of" requirement is met if, but for the contacts between the

10 defendant and the forum state, the cause of action would not have arisen. *See Terracom v.*

11 *Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

12     As noted above, PRN has alleged that Wilmington acted in concert with several of

13 PRN's former employees to access confidential information of PRN customers. Further,

14 PRN alleges that Wilmington was unjustly enriched because of the actions of PRN's

15 former employees. The "arising out of" requirement is satisfied here because but for

16 Wilmington's actions in concert with PRN's former employees, it would not have been

17 unjustly enriched.

18                     **3.    Reasonableness Requirement**

19     An unreasonable exercise of jurisdiction violates the Due Process Clause even if

20 the "purposeful availment" and "arising out of" requirements of the specific jurisdiction

21 test are satisfied. *See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. &*

22 *Placement*, 326 U.S. 310, 316 (1945); *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 474–75

23 (9th Cir. 1995). A district court presumes, however, that its exercise of jurisdiction over

24 a defendant is reasonable if the first two requirements of the specific jurisdiction test are

25 met. *See Ballard*, 65 F.3d at 1500. If the first two requirements are satisfied, then the

26 burden of proof shifts and the defendant must "'present a compelling case that the

27 presence of some other considerations would render jurisdiction unreasonable.'" *Id.*

28 (quoting *Burger King*, 471 U.S. at 477).

1   The Ninth Circuit considers the following seven factors to determine whether the
2   exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the
3   defendant's purposeful interjection into the forum state; (2) the burden on the defendant
4   of litigating in the forum; (3) the extent of conflict with the sovereignty of the
5   defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most
6   efficient judicial resolution of the dispute; (6) the importance of the forum to the
7   plaintiff's interest in convenient and effective relief; and (7) the existence of an
8   alternative forum.  *See Ziegler*, 64 F.3d at 475 (citing *Terracom*, 49 F.3d at 561); *World–*
9   *Wide Volkswagen*, 444 U.S. at 292 (listing several of the seven factors).

10   These factors do not suggest that litigation in Arizona is unreasonable or unfair.
11   Wilmington targeted its activities at PRN, an Arizona company, and by so doing
12   interjected itself into Arizona. Wilmington is based in North Carolina, and while
13   traveling to Phoenix would create a burden on Wilmington, the burden is not
14   unreasonable. There is no conflict with North Carolina's sovereignty in litigating the case
15   in Arizona, and Arizona has an interest in enforcing laws in its geographic boundaries.
16   The most efficient judicial resolution of the dispute is a neutral factor because either
17   forum would provide for efficient judicial resolution of this matter. PRN has an interest
18   in obtaining relief in Arizona, but North Carolina is an alternative forum. No factor
19   weighs substantially in favor of litigating the case in North Carolina, and considered as a
20   whole these factors do not suggest that litigating in Arizona presents a "severe
21   disadvantage" to Wilmington. *Burger King*, 471 U.S. at 477 (quoting *Bremen v. Zapata*
22   *Off-Shore Co.*, 407 U.S. 1, 18 (1972).

23                                   **CONCLUSION**
24   Construing the pleadings and affidavits in favor of PRN, it has met the prima facie
25   burden of showing that this Court may exercise personal jurisdiction over Wilmington.
26   Wilmington has failed to show that this exercise of jurisdiction would be unreasonable or
27   unfair.
28   / / /

**IT IS THEREFORE ORDERED** that Defendant Wilmington Medical Supply, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 49) is **DENIED**.

Dated this 15th day of December, 2014.

G. Murray Snow
United States District Judge